UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHAN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01546-TWP-TAB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| CAYLOR, | ) | |
| D. DAVIS, | ) | |
| PCF INTERNAL AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Providing Opportunity to Amend**

**I.**
**Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility

("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court

has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the

defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant

who is immune from such relief. In determining whether the complaint states a claim, the Court

applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive

dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names four defendants: Dushan Zatecky, Lt. Caylor, D. Davis, and PCF Internal Affairs. The plaintiff alleges that when he was transferred to Pendleton in 2016, he was told by Officer D. Davis that he could not keep all of his legal paperwork with him, but that he could choose which paperwork to take to his cell and request other paperwork when he needed it to work on his legal cases. Lt. Caylor and a representative of Internal Affairs witnessed this conversation but did nothing. When the plaintiff requested his trial transcripts and discovery in February and March of 2020, he was told that the property room did not have any of his legal paperwork. The loss of his legal paperwork has hampered his efforts to regain his freedom. The plaintiff further alleges that Dushan Zatecky is responsible for ensuring that correctional officers at Pendleton follow all Indiana Department of Correction (IDOC) policies and that those policies were not followed in this case. Liberally construed, the complaints raises potential access to courts claims and claims that the defendants lost or destroyed the plaintiff's property.

First, any access to court claim is **dismissed** for failure to state a claim for which relief can be granted. When a plaintiff alleges a denial of the right to access courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim) (overruled on other grounds). Although the plaintiff claims that lack of access to his paperwork

"hampered [him] from getting [his] freedom back," he does not make any specific factual allegations regarding what court deadlines he has missed or what legitimate claims have been lost as a result of the loss of his legal paperwork. Dkt. 1 at 3.

Second, any property loss claim is **dismissed**. The Fifth Amendment states "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). *See also Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2174 (2019) ("It is not even possible for a State to provide pre-deprivation due process for the unauthorized act of a single employee." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981))).

Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not

complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because the plaintiff has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation.

Finally, PCF Internal Affairs is **dismissed** as a defendant because a group of people is not a "person" subject to suit under Section 1983. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015).

### III.
### Dismissal and Opportunity to Amend

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through July 5, 2020,** in which to file an amended complaint that cures the deficiencies identified above. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff chooses to file a civil complaint, he shall include the words "Amended Complaint" on the first page, with the case number of this action, 1:20-cv-01546-TWP-TAB. Because an amended complaint completely replaces the original complaint, it must be a complete statement of the plaintiff's claims, including the factual basis of those claims and the relief sought by the plaintiff. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint or other response to this Order is filed, this action will be dismissed without prejudice without further notice.

**IT IS SO ORDERED.**

Date: 6/3/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NATHAN ANDERSON
219213
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064