UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHAN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-01546-TWP-TAB |
| | ) |
| DUSHAN ZATECKY, | ) |
| CAYLOR, | ) |
| D. DAVIS, | ) |
| PCF INTERNAL AFFAIRS, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Amended Complaint and Opportunity to Show Cause**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). The Court previously dismissed his civil rights complaint for failure to state a claim and gave him an opportunity to amend. The plaintiff's claim is that the defendants denied him access to the court when they failed to provide him with his trial transcripts, discovery, and other legal paperwork necessary to try to regain his freedom. The Court informed the plaintiff that to maintain an access to courts claim he must make specific factual allegations of the harm he suffered, whether it be missed court deadlines, failure to make a timely filing, or the dismissal of legitimate claims. Dkt. 5. In response, the plaintiff filed an amended complaint, dkt. 9, which the Court now screens.

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Amended Complaint

The amended complaint names three defendants: Dushan Zatecky, Lt. Caylor, and D. Davis. The plaintiff alleges that when he was transferred to Pendleton on November 16, 2016, Officer D. Davis destroyed or lost his legal paperwork. He further alleges that this destroyed his "opportunity to advance through the post-conviction relief appeal for freedom or less time in prison." Dkt. 9 at 2. While the complaint makes other factual allegations, it contains no other allegations regarding the legal harm the plaintiff suffered as a result of not having access to his legal file.

There is no time limit to pursue post-conviction relief in Indiana. *See State v. Scales*, 593 N.E.2d 181, 184 (Ind. 1992) (petition for post-conviction relief may be brought at any time although the state may argue laches). The plaintiff has not lost the opportunity to pursue state post-conviction relief.

Neither did the defendants' alleged actions cause the plaintiff to lose his opportunity to pursue federal habeas relief because it appears he was already time-barred from doing so by the time he arrived at Pendleton. The Court takes judicial notice of the state court dockets in the plaintiff's direct appeal, case no. 49A05-1105-CR-00243, and his state petition for post-conviction relief, case no. 49G04-0903-PC-35798. These dockets reveal that the plaintiff's direct appeal concluded when he was denied transfer to the Indiana Supreme Court on April 24, 2012. He filed a petition for post-conviction relief on February 1, 2013, and withdrew it without prejudice on January 26, 2016.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The plaintiff's conviction and sentence became final on July 23, 2012, when the time to seek certiorari in the United States Supreme Court expired following his direct appeal. 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitation ran until February 1, 2013, when he filed his petition for post-conviction review. At that time, 192 days, or approximately six months and one week, had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The one-year federal habeas clock began to run again when the plaintiff withdrew his state petition for post-conviction relief on January 26, 2016. His deadline for filing a federal habeas petition therefore expired on July 17, 2016, or approximately four months before he was transferred to Pendleton. Therefore, the alleged actions of the defendants did not affect the plaintiff's ability to seek federal habeas relief because his opportunity to do so had expired before he interacted with the defendants. Furthermore, because an unconstitutional state-created impediment to filing resets the one-year limitation period, if the defendants' actions in fact prevented the plaintiff from filing a timely habeas petition, such actions would reset the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B).

In his amended complaint, the plaintiff attempts to state his First Amendment access to courts claim as a deliberate indifference claim under the Eighth Amendment, but the essence of his claim remains that the defendants' actions interfered with his ability to proceed with collateral attacks on his conviction. As discussed above, the plaintiff's amended complaint fails to state a claim and must be **dismissed** pursuant to 28 U.S.C. § 1915A(b).

Despite the fact that the plaintiff has not stated a constitutional violation, he still faces the practical problem of not having access to the legal paperwork he needs to refile his state petition for post-conviction relief. He may be able to get a copy of this paperwork from the state court. He may also be able to pursue state court remedies as discussed in the Court's first Screening Order. Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy

in the Indiana Tort Claims Act, and no more process was due."); *Zinermon v. Burch,* 494 U.S. 113, 125−26 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

### III.
### Dismissal and Opportunity to Show Cause

The plaintiff's amended complaint must be **dismissed** for failure to state a claim. The plaintiff shall have **through July 31, 2020,** in which to show cause why this action should not be dismissed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 7/1/2020

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NATHAN ANDERSON
219213
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064